

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/25/09

------------------------------------------------------------X

ZOLTAN FRENKEL,

                        Plaintiff,

-against-

NEW YORK CITY OFF-TRACK BETTING
CORPORATION,

                        Defendant.

**STIPULATION AND PROTECTIVE ORDER**

08 CV 6050 (LTS)(AJP)

------------------------------------------------------------X

       WHEREAS, plaintiff has sought from the New York City Off-Track Betting Corporation ("OTB") in discovery in this action certain documents which OTB deems confidential, and

       WHEREAS, OTB objects to the production of those documents unless appropriate protection for their confidentiality is assured,

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties to this action, as follows:

       1.    As used herein, "Confidential Materials" shall mean all documents and the information contained therein relating to (a) the base salary, overtime pay and total compensation received for OTB employees Scott Zagata and Robert Long; (b) documents relating to the base salary, overtime pay and total compensation received for OTB employees Scott Zagata and Robert Long identified by defendant as being produced subject to this order; (c) documents relating to the base salary, overtime pay and total compensation received for OTB employees Scott Zagata and Robert Long that the Court directs to be produced subject to this order; and (d) any deposition testimony concerning the base salary, overtime pay and total compensation

received for OTB employees Scott Zagata and Robert Long and the items contained and / or described in subsections (a), (b) and / or (c) hereof and all information contained therein.

2. Documents and information shall not be Confidential Materials to the extent that they (a) are properly obtained by plaintiff from a source other than OTB herein, or (b) otherwise are publicly available.

3. Plaintiff and his counsel shall not use the Confidential Materials for any purpose other than the preparation, presentation and prosecution of this action.

4. Plaintiff and his counsel shall not disclose the Confidential Materials to any person, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation, presentation or prosecution of this action.

   b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's counsel and a copy shall be furnished to defendant's attorney within forty-five (45) days.

5.   Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.   If any pleading, document or other submission which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the submission papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, together with an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

[Handwritten annotation: A REDACTED COPY W/O CONFIDENTIAL INFO. SHALL BE PUBLICLY FILED.]

7.   Within thirty (30) days after the termination of this action, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant, at the reasonable expense of defendants, and all persons who possessed such materials, other than plaintiff, shall verify their return by affidavit or certification furnished to defendant's attorney; plaintiff shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such

3

retained work product shall not be used by plaintiff or plaintiff's counsel in any other case against the OTB, its affiliates, or its employees, and the acceptance and compliance with such requirement shall be verified in writing to defendant's counsel.

8. Nothing in this Stipulation and Protective Order shall be construed to limit OTB's use of the Confidential Materials in any manner.

Dated: New York, New York
March 16, 2009

Bernard Weinreb
Attorney for Plaintiff
2 Perlman Drive
Spring Valley, New York 10977

By: _____
Bernard Weinreb

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for City Defendant
100 Church Street, Room 2-125
New York, New York 10007
(212) 788-0960

By: _____
Christopher L. Heer
Assistant Corporation Counsel

Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

SO ORDERED: _____ 3/24/09

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

BY FAX

4

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:  March 25, 2009                              Total Number of Pages: 5

| TO | FAX NUMBER |
|---|---|
| Bernard Weinreb, Esq. | 845-369-3973 |
| Christopher Lee Heer, Esq. | 212-788-0940 |
| Madeline Abo | 212-341-3934 |

## TRANSCRIPTION:

[New sentence added at end of ¶ 6 on page 3]:

A redacted copy w/o confidential info. shall be publicly filed.


Copy to:    Judge Laura Taylor Swain