UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZOLTAN FRENKEL,                                  :

               Plaintiff,                    :              08 Civ. 6050 (LTS) (AJP)

        -against-                          :              **OPINION AND ORDER**

NEW YORK CITY OFF-TRACK BETTING            :
CORPORATION,
                                :
              Defendant.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

          After the close of discovery and the filing of defendant's summary judgment motion,

plaintiff Zoltan Frenkel moves to amend his complaint to add a fifth cause of action asserting that

defendant OTB undermined a 2004 "federal settlement agreement"[1] that resolved a previous

litigation between Frenkel and OTB.  (Dkt. No. 26: Notice of Motion; Dkt. No. 27: Weinreb Aff.

Ex. A: Proposed 2d Am. Compl. ¶¶ 54-67.)   OTB objects to the amendment, claiming that

amendment would be futile and that OTB would be prejudiced by the amendment.  (Dkt No. 32:

OTB Opp. Br. at 2, 5-7; Dkt. No. 44: OTB Surreply Br. at 2, 4-6.)  For the reasons set forth below,

Frenkel's motion for leave to amend his complaint is DENIED as futile.

---

[1]      See Dkt. No. 39: Weinreb Reply Aff. Ex C: 8/1/04 Stipulation & Order of Settlement &
Discontinuance in 03 Civ. 8293 (VM).

**BACKGROUND**

On January 16, 2008, Frenkel commenced an action against OTB in Supreme Court, New York County, alleging breach of contract and religious discrimination and retaliation under the New York City Human Rights Law.  (Dkt. No. 31: Capell Aff. Ex. A: 1/16/08 State Compl.)  On March 21, 2008, OTB moved to dismiss Frenkel's complaint pursuant to CPLR § 3211(a)(7) on the ground that Frenkel had failed to comply with § 618 of New York's Racing, Pari-Mutuel Wagering and Breeding Law, which requires that "an action against the [New York City Off-Track Betting] corporation shall not be commenced . . . unless a notice of claim . . . ha[s] been served upon the corporation within ninety days after such cause of action shall have accrued."  N.Y. Rac. Pari-Mut. Wag. & Breed. L. § 618(5).  (See Capell Aff. Ex. B: 3/21/08 OTB Mot. to Dismiss Papers.)

On June 6, 2008, Frenkel opposed OTB's motion, attaching an amended complaint, which Frenkel argued "correct[ed] all the objections that had been raised by Defendant . . . . by removing the state law claims and replacing them with a claim under federal law, § 1983," because "[s]tate notice of claim provisions[] are not applicable to [Frenkel]'s civil rights claims asserted under 42 U.S.C. § 1983."  (Capell Aff. Ex. D: Frenkel Opp. Br. at 2-4; see Capell Aff. Ex. C: Am. Compl.)  The proposed complaint asserted three causes of action under § 1983 – equal protection, retaliation and  breach of contract – as well as a claim of First and Fourteenth Amendment violations.  (See Capell Aff. Ex. C: Am. Compl.)

On July 2, 2008, OTB removed the action to the Southern District of New York based on the amended complaint's §1983 claims, which created federal jurisdiction.  (See Dkt. No. 1:

Notice of Removal.)  On November 7, 2008, Judge Swain ordered that "[a]ll applications to amend

pleadings or join parties, or amendments or joinders as of right, shall be made by December 5,

2008."  (Dkt. No. 15: 11/7/08 Pre-Trial Scheduling Order ¶ 1.)  Judge Swain also ordered that all

discovery be completed by March 25, 2009" (id. ¶ 2), which this Court extended to April 3, 2009

(see 3/6/09 Tr.), with summary judgment motions due April 24, 2009 (see 11/7/08 Pre-Trial

Scheduling Order ¶ 3; 3/30/09 Tr. at 15).

On April 8, 2009, five days after the close of discovery, Frenkel filed the instant

motion pursuant to Fed. R. Civ. P. 15(a) seeking leave to amend the complaint.  (Dkt. Nos. 24 & 26:

Notice of Motion; Dkt. No. 27: Weinreb Aff. Ex. A: Proposed 2d Am. Compl.)  Frenkel's proposed

second amended complaint would add a fifth cause of action alleging that OTB undermined a "so

ordered" 2004 "federal settlement agreement"[2] when OTB management tacitly approved "ongoing

harassment by [Frenkel's] supervisors and co-workers" after making "it obvious to employees that

[Frenkel's] promotion was a forced promotion," which had the "effect of undermining the federal

settlement agreement pursuant to which the Employer was obligated to make [Frenkel] a supervisor."

(Weinreb Aff. Ex. A: Proposed 2d Am. Compl. ¶¶ 54-64.)  In addition, the proposed fifth cause of

action alleges that OTB "violated the terms of the federal settlement agreement" when it failed to

retroactively increase Frenkel's "salary pursuant to the settlement in the amount of $19,999.99," and

---

[2]     See Dkt. No. 39: Weinreb Reply Aff. Ex C: 8/1/04 Stipulation & Order of Settlement &
Discontinuance in 03 Civ. 8293 (VM).

when it failed to "provide [Frenkel] with overtime opportunities on an equal basis with other employees." (Proposed 2d Am. Compl. ¶¶ 65-66.)[3]

## ANALYSIS

OTB objects to the amendment, arguing that Frenkel's "proposed fifth cause of action is a state law claim for breach of contract," which "must be denied [as futile] because [Frenkel] has thoroughly failed to comply with the Notice of Claim requirements under § 618 of the Racing Law." (Dkt. No. 32: OTB Opp. Br. at 5-6.) OTB also argues that it "would be meaningfully prejudiced by amendment of the complaint at this late stage," because "OTB did not conduct any discovery on this claim," which places OTB at a "significant disadvantage in defending against this claim" and in "timely submit[ting] a Motion for Summary Judgment." (OTB Opp. Br. at 6-7.)[4]

This Court's opinion in Turkenitz v. Metromotion discusses the law concerning proposed amendments after the close of discovery:

> Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave [to amend] shall be freely given when justice so requires."
>
> Analysis of any motion to amend starts with the Supreme Court's decision in Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962):

---

[3]    The allegations regarding a retroactive salary increase and overtime opportunities are repeated in Frenkel's third cause of action, which Frenkel labels "breach of contract - §1983." (Proposed 2d Am. Compl. ¶¶ 43-48.)

[4]    OTB filed its summary judgment motion prior to resolution of the instant motion. (See Dkt. No. 33: OTB SJ Notice of Motion.) OTB did not address Frenkel's proposed fifth cause of action. (See generally Dkt. No. 34: OTB SJ Br.)

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.   If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.   In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

Id. at 182, 83 S. Ct. at 230 (citations omitted).

"'Prejudice to the opposing party if the motion is granted has been described as the most important reason for denying a motion to amend.   Prejudice may be found, for example, when the amendment is sought after discovery has been closed. . . . Undue delay [and] bad faith . . . are other reasons for denying a motion to amend.'"   Berman v. Parco, 96 Civ. 0375, 1997 WL 726414 at *22[, 986 F. Supp. 195] (S.D.N.Y. Nov. 19, 1997) (Peck, M.J.), quoting 1 M. Silverberg, Civil Practice in the Southern District of New York § 6.26, citing Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Bymoen v. Herzog, Heine, Geduld, Inc., 88 Civ. 1796, 1991 WL 95387 at *1-2 (S.D.N.Y. May 28, 1991); Priestley v. American Airlines, Inc., 89 Civ. 8265, 1991 WL 64459 at *2 (S.D.N.Y. April 12, 1991) ("Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable. . . . Undue prejudice warrants denial of leave to amend where the proposed claim will significantly increase the scope of discovery when the case is ready for trial.").

"'Delay in seeking leave to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend.   However, the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay. . . . Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgement, particularly when the new claim could have been raised earlier.'"   Berman v. Parco, 1997 WL 726414 at *22, quoting 1 M. Silverberg, Civil Practice in the Southern District of New York § 6.26, citing, inter alia, Bymoen v. Herzog, Heine, Geduld, Inc., 1991 WL 95387, and Priestley v. American Airlines Inc., 1991 WL 64459.

For further discussion of the issues of prejudice and undue delay, <u>see generally</u> 6 Wright, Miller & Kane, <u>Federal Practice & Procedure: Civil 2d</u> §§ 1487-88 ("Perhaps the most important factor listed by the [Supreme] Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading. . . . [A]lthough delay alone may not result in a denial of leave to amend, some courts have held that leave may be withheld if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them."); 3 James Moore, <u>Moore's Federal Practice</u> § 15.15[1]-[3] (3d ed. 1997).

<u>Turkenitz</u> v. <u>Metromotion, Inc.</u>, 97 Civ. 2513, 1997 WL 773713 at *8-9 (S.D.N.Y. Dec. 12, 1997) (Peck, M.J.).[5/]

Where a party opposes leave to amend on "futility" grounds, the appropriate legal standard is whether the proposed complaint fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard. <u>E.g.</u>, <u>Lucente</u> v. <u>Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."); <u>S.S. Silberblatt, Inc.</u> v. <u>E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.</u>, 608 F.2d 28, 42 (2d Cir. 1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action."); <u>Nichols</u>

---

[5/]    <u>Accord</u>, <u>e.g.</u>, <u>Walker</u> v. <u>Caban</u>, 08 Civ. 3025, 2008 WL 4925204 at *12-13 (S.D.N.Y. Nov. 19, 2008) (Peck, M.J.), <u>report & rec. adopted</u>, 2008 WL 5148794 (S.D.N.Y. Dec. 5, 2008); <u>see also</u>, <u>e.g.</u>, <u>Classicberry Ltd.</u> v. <u>Musicmaker.com, Inc.</u>, No. 02-7054, 48 Fed. Appx. 360, 361-63 (2d Cir. 2002) (upholding denial of motion to amend answer made after close of discovery and filing of summary judgment motion); <u>Cartier, Inc.</u> v. <u>Four Star Jewelry Creations, Inc.</u>, 01 Civ. 11295, 2004 WL 169746 at *3-4 (S.D.N.Y. Jan. 28, 2004) (Motley, D.J.).

v. Mahoney, 08 Civ. 3306, -- F. Supp. 2d --, 2009 WL 928092 at *2 (S.D.N.Y. Apr. 2, 2009);

Oladokun v. Ryan, 06 Civ. 2330, 2009 WL 857460 at *3 (S.D.N.Y. Mar. 31, 2009).[6]

The issue, therefore, is whether Frenkel's proposed fifth cause of action alleges a

viable cause of action.

It is well-settled that "[s]ettlement agreements are contracts and must therefore be

construed according to general principles of contract law." Red Ball Interior Demolition Corp. v.

Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999).[7]   Frenkel's proposed fifth cause of action –

---

[6]   Accord, e.g., E.E.O.C. v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 234-35 (E.D.N.Y. 2007); Finlay v. Simonovitch, 97 Civ. 1455, 1997 WL 746460 at &4 (S.D.N.Y. Dec. 2, 1997) (Peck, M.J.); Skylon Corp. v. Guilford Mills, Inc., 93 Civ. 5581, 1997 WL 88894 at *1 (S.D.N.Y. Mar. 3, 1997) (motion to dismiss standard is "a standard substantially the same as the standard for futility under a motion to amend"); Barrett v. U.S. Banknote Corp., 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992) ("Leave to amend will not be granted under Rule 15(a), however, where there are no colorable grounds for the proposed claim -- that is, where amendment would prove futile. . . .   The 'colorable grounds' requirement mandates 'an inquiry -- comparable to that required by Fed. R. Civ. P. 12(b)(6) . . . -- as to whether the proposed amendments state a cognizable claim. . . .'  In sum, amendment is futile if a proposed claim could not withstand a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6)."); Journal Publ'g Co. v. Am. Home Assurance Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991) ("'"[A] district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss.'" . . .   The Proposed Amended Complaint may therefore be scrutinized as if defendants' objections to the amendments constituted a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); Hannah v. Metro-North Commuter R.R., 753 F. Supp. 1169, 1176 (S.D.N.Y. 1990) (same).

[7]   Accord, e.g., Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007); Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005); Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994); Kowal v. Andy Constr., Inc., No. CV-05-576,  2008 WL 4426996 at *1 (E.D.N.Y. Sept. 25, 2008) ("To resolve claims arising from the breach of a settlement agreement in a federal action, courts look to the forum state's substantive law of contract."); Coal. on W. Valley Nuclear
(continued...)

"undermining" a "so ordered" 2004 federal settlement agreement (Proposed 2d Am. Compl. ¶¶ 54-67) – therefore appears to alleges a state law breach of contract claim.  As such, Frenkel's fifth cause of action, like the state law-based causes of action in his original state court complaint, must comply with § 618 of New York's Racing, Pari-Mutuel Wagering and Breeding Law.  See, e.g., Abato v. N.Y. City Off-Track Betting Corp., 03 Civ. 5849, 2007 WL 1659197 at *10 (S.D.N.Y. June 7, 2007) (Swain, D.J.) (dismissing plaintiff's state law claims for failure to satisfy § 618 notice requirements); Meckenberg v. N.Y. City Off-Track Betting, 42 F. Supp. 2d 359, 384 (S.D.N.Y. 1999) ("Even were the court to find that [plaintiff]'s state claims had substantive weight sufficient to defeat summary judgment, the claims are nevertheless barred due to her failure to serve OTB with a notice of claim as required under § 618 . . . of the N.Y. Rac., Pari-Mut. Wag. and Breed. Law.  Under § 618 . . . , a plaintiff seeking to maintain an action 'for damages' against OTB . . . must file a notice of claim or her claims will be dismissed."); DiPalto v. N.Y. City Off Track Betting Corp., 94 Civ. 5773, 1998 WL 276180 at *2 (S.D.N.Y. May 28, 1998) (affirming dismissal of state law claims that did not comply with § 618).

       Frenkel argues, however, that his fifth cause of action constitutes "a federal cause of action to which § 618 of the Racing Law does not, and cannot, apply, as the State cannot impose a notice requirement before bringing this federal cause of action."  (Dkt. No. 40: Frenkel Reply Br. at

---

[2/]      (...continued)
Wastes v. Bodman, No. 05-CV-0614, 2007 WL 2892628 at *10 (W.D.N.Y. Sept. 28, 2007) ("[A] stipulation for settlement is a contract, interpreted under general principles of contract law.").

9

3.)  Frenkel maintains that because "the earlier [2004] settlement was so ordered" as "part of an order of dismissal," that "there is federal jurisdiction to enforce it."  (Frenkel Reply Br. at 2, 3.)

A federal court may retain ancillary <u>jurisdiction</u> to enforce a settlement agreement so ordered as part of a stipulation and order of dismissal if

> the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

<u>Kokkonen</u> v. <u>Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 381, 114 S. Ct. 1673, 1677 (1994).[8]

"Absent such action, however, enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."  <u>Kokkonen</u> v. <u>Guardian Life Ins. Co. of Am.</u>, 511 U.S. at 382, 114 S. Ct. at 1677.[9]

---

[8]     Accord, e.g., <u>A.R.</u> v. <u>N.Y. City Dep't of Educ.</u>, 407 F.3d 65, 78 (2d Cir. 2005); <u>Torres</u> v. <u>Walker</u>, 356 F.3d at 243; <u>Scelsa</u> v. <u>City Univ. of N.Y.</u>, 76 F.3d 37, 40 (2d Cir. 1996); <u>Mason Tenders Dist. Council, Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund</u> v. <u>Concore Equip., Inc.</u>, 03 Civ. 634, 2008 WL 4443836 at *2 (S.D.N.Y. Sept. 29, 2008); <u>Murphy</u> v. <u>First Reliance Standard Life Ins. Co.</u>, No. 00-CV-6647, 2008 WL 1787672 at *1 (E.D.N.Y. Apr. 17, 2008); <u>McLean</u> v. <u>Village of Sleepy Hollow</u>, 166 F. Supp. 2d 898, 901 (S.D.N.Y. 2001) ("A federal court has jurisdiction to enforce a settlement agreement if the dismissal order specifically reserves such authority or the order embodies the terms of the settlement."); <u>Milligan</u> v. <u>Hetra Computer & Commc'n Indus., Inc.</u>, 99 Civ. 10463, 2000 WL 1201459 at *3-4 (S.D.N.Y. Aug. 22, 2000), <u>aff'd</u>, 14 Fed. Appx. 94 (2d Cir. 2001).

[9]     Accord, e.g., <u>Scelsa</u> v. <u>City Univ. of N.Y.</u>, 76 F.3d at 40; <u>Murphy</u> v. <u>First Reliance Standard Life Ins. Co.</u>, 2008 WL 1787672 at *1; <u>Geiringer</u> v. <u>Pepco Energy Servs., Inc.</u>, No. CV05-4172, 2007 WL 4125094 at *1 (E.D.N.Y. Nov. 16, 2007); <u>Diaz</u> v. <u>Loews N.Y. Hotel</u>, 97 Civ. 2731, 1998 WL 326736 at *1 (S.D.N.Y. June 18, 1998).

            In this case, the terms of the Dismissal Order do not expressly retain jurisdiction over
the Settlement Agreement.  See, e.g., Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., No. CV
06-5487, 2008 WL 4453221 at *4 (E.D.N.Y. Sept. 30, 2008) (Court retains jurisdiction over
settlement agreement where "the Stipulation of Discontinuance contained a separate provision stating
that 'the Court shall retain jurisdiction to enforce, as necessary, the terms of said [Settlement]
Agreement.'").  Judge Marrero, however, incorporated the terms of the settlement agreement into its
stipulation and order of dismissal when he "so ordered" the "Stipulation and Order of Settlement and
Discontinuance."  (See Weinreb Reply Aff. Ex C: 8/1/04 Stipulation & Order of Settlement &
Discontinuance in 03 Civ. 8293.)  See, e.g., McLean v. Village of Sleepy Hollow, 166 F. Supp. 2d
at 901 ("[T]he settlement terms were incorporated into a stipulation that was so-ordered by this
Court, thus giving rise to jurisdiction."); Milligan v. Hetra Computer & Commc'n Indus., Inc., 2000
WL 1201459 at *4 ("Because the February 1995 Order incorporated the terms of the parties'
settlement, the Bankruptcy Court had jurisdiction to enforce compliance with those terms.  That the
February 1995 Order did not make explicit the Bankruptcy Court's continuing jurisdiction to enforce
its Order does not affect this result.") (citation omitted); Thanning v. Nassau County Med. Examiners
Office, 187 F.R.D. 69, 71 (E.D.N.Y. 1999) ("The parties have annexed to their papers a copy of the
agreement sought to be enforced. Clearly, the agreement has been so ordered by this court and its
terms have thereby been incorporated into an order of the court. Accordingly, the court has
jurisdiction over the present dispute and denies the motion to dismiss based upon a lack of subject
matter jurisdiction.").

This Court, therefore, would have ancillary jurisdiction over Frenkel's fifth cause of action alleging violation of the 2004 federal settlement agreement.

Although this Court would have ancillary jurisdiction over Frenkel's proposed fifth cause of action, an alleged violation of the so ordered 2004 federal settlement agreement does not, as Frenkel argues, constitute a federal cause of action.  (See cases cited pages 7-8 above.)  Thus, Frenkel still is required to comply with New York's Notice of Claim requirements.  See, e.g., Hardy v. N.Y. City Health & Hosp. Corp., 164 F.3d 789, 792 (2d Cir. 1999) ("[S]tate notice-of-claim statutes apply to state-law claims."); accord, e.g., DeCarolis v. Town of Vienna, No. 07-2030, 2009 WL 943783 at *1 (2d Cir. Apr. 8, 2009); Humphrey v. County of Nassau, No. 06-CV-3682, 2009 WL 875534 at *20 (E.D.N.Y. Mar. 30, 2009).  Racing Law § 618, with which Frenkel has not complied, applies to cases in which federal courts have jurisdiction (see cases cited page 8 above), and this Court cannot allow Frenkel to ignore § 618's Notice of Claim requirements simply because this Court would have ancillary jurisdiction over the proposed cause of action.

Accordingly, the Court denies Frankel's motion to amend to assert his proposed fifth cause of action, as futile for failing to satisfy § 618's notice and pleading requirements.[10]

---

[10]    OTB argues, additionally, that it "would be meaningfully prejudiced by amendment of the complaint at this late stage," and that the addition of a new claim "would require . . . further fact investigation and research" because "OTB did not conduct any discovery on this claim," which "disadvantage[s OTB] in defending against this claim" and "impede[s OTB's] efforts to timely submit a Motion for Summary Judgment."  (OTB Opp. Br. at 6-7.)  Frenkel maintains that OTB will not be "'meaningfully prejudiced' by the amendment of the complaint at this late stage" because "the breach of the settlement agreement has been a crucial part of the case since its inception" when "it was initially pleaded in state court as a
(continued...)

---

<u>10/</u>        (...continued)
breach of contract claim," and again when it "was pleaded as a §1983 breach of contract
claim" in Frenkel's federal complaint. (Frenkel Reply Br. at 3-4.) Frenkel describes the fifth
cause of action as merely "another theory of recovery for the same wrongs committed by
Defendant" that would not "require [OTB] to conduct further fact finding." (Frenkel Reply
Br. at 4.)

        Normally, an amendment based on factual circumstances not raised by the original
complaint would prejudice OTB if it required additional discovery after the discovery period
had closed, delaying summary judgment and a possible trial date. <u>See</u>, <u>e.g.</u>, <u>Krumme</u> v.
<u>WestPoint Stevens Inc.</u>, 143 F.3d 71, 88 (2d Cir.) ("'[A] proposed amendment ... [is]
especially prejudicial ... [when] discovery had already been completed and [non-movant] had
already filed a motion for summary judgment.'") (quoting <u>Ansam Assocs., Inc.</u> v. <u>Cola
Petroleum, Ltd.</u>, 760 F.2d 442, 446 (2d Cir. 1985)), <u>cert. denied</u>, 525 U.S. 1041, 119 S. Ct.
592 (1998); <u>Walker</u> v. <u>Caban</u>, 08 Civ. 3025, 2008 WL 4925204 at *13 (S.D.N.Y. Nov. 19,
2008) (Peck, M.J.) (Plaintiff "only requested leave to amend in conjunction with his response
to defendant's summary judgment motion, after the close of discovery. Defendants have
made clear that they would require additional discovery if this Court allowed Walker to
amend.  The delay for further discovery, followed by further summary judgment motions,
would significantly delay resolution of this case, to the prejudice of defendants and the
judicial process."); <u>Tindal</u> v. <u>Goord</u>, No. 04-CV-6312, 2006 WL 2990460 at *3 (W.D.N.Y.
Oct. 19, 2006) ("[D]iscovery in the pending action appears complete, and the deadline for
its completion has passed. To permit the new claims to proceed would require the parties to
begin anew with discovery, both documentary and testimonial . . . .  Such a delay would
prejudice the defendants who have an interest in avoiding the expenditure of public resources
on additional discovery relating to claims unrelated to those in the original action."); 
<u>Zubulake</u> v. <u>UBS Warburg LLC</u>, 231 F.R.D. 159, 161 (S.D.N.Y. 2005) ("A proposed
amendment is especially prejudicial when discovery has been completed and a summary
judgment motion has been filed."); <u>Cramer</u> v. <u>Fedco Auto. Components Co.</u>, No.
01-CV-0757, 2004 WL 1574691 at *2 (W.D.N.Y. May 26, 2004) ("[A]n amendment is
considered to be highly prejudicial if discovery has already been completed."); <u>Kanyi</u> v.
<u>United States</u>, 99 Civ. 5851, 2002 WL 1471648 at *2 (E.D.N.Y. May 3, 2002); <u>Turkenitz</u>
v. <u>Metromotion, Inc.</u>, 97 Civ. 2513, 1997 WL 773713 at *9 (S.D.N.Y. Dec. 12, 1997) (Peck,
M.J.); <u>Bymoen</u> v. <u>Herzog, Heine, Geduld, Inc.</u>, 1991 WL 95387 at *2 ("the amendment
would be particularly prejudicial where discovery has already been completed"); <u>Priestley</u>
v. <u>Am. Airlines, Inc.</u>, 1991 WL 64459 at *2 ("Undue prejudice warrants denial of leave to
amend where the proposed claim will significantly increase the scope of discovery when the
                                                                              (continued...)

## **CONCLUSION**

For the reasons set forth above, Frenkel's motion for leave to amend his complaint

is DENIED as futile.

---

[10]/   (...continued)
case is ready for trial."); Gonzalez v. St. Margaret's House Hous. Dev. Fund Corp., 613
F. Supp. 60, 62 (S.D.N.Y. 1985) (leave to amend denied where additional discovery would
delay trial).

Frenkel's fifth cause of action, however, almost entirely repeats factual allegations
found in the first four causes of action that are part of Frenkel's original federal complaint.
For example, Frenkel's allegations regarding retroactive salary increases and overtime
opportunities (see Proposed 2d Am. Compl. ¶¶ 65-67) directly lift language from Frenkel's
third cause of action (see Am. Compl. ¶¶ 45-46), and allegations that OTB inappropriately
demoted Frenkel (see Proposed 2d Am. Compl. ¶¶ 57-64) mirror factual allegations in
Frenkel's first cause of action (see Am. Compl. ¶¶ 8, 9, 22).  OTB, therefore, would not be
prejudiced by Frenkel's proposed fifth cause of action, because OTB has already conducted
discovery on those factual allegations.  See, e.g., Jackson v. Roslyn Bd. of Educ., 596 F.
Supp. 2d 581, 586 (E.D.N.Y. 2009) ("[T]he defendant's claims of prejudice are insufficient
to preclude amendment of the complaint because: (1) discovery was certified as complete
only a short time before the plaintiff's motion to amend was filed; (2) the additional . . . cause
of action would likely not require extensive new discovery."); Hampton Bays Connections,
Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) ("The mere fact that discovery is
completed does not mean that the defendants will suffer undue prejudice.  The plaintiffs'
proposed equal protection claim makes clear that the claim arises from the same set of facts
as the original claims. As such, repetitive depositions may not be necessary if the equal
protection claim is re-asserted. Furthermore, even if additional discovery is needed, such
discovery would not be extensive.") (citation omitted).

If Judge Swain were to disagree with this Court's ruling regarding the futility of
Frenkel's proposed amendment, Frenkel's motion for leave to amend the complaint would
not have to be denied on prejudice grounds.

14

## FILING OF OBJECTIONS TO THIS OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Opinion and Order to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 755, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Swain (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

DATED:  New York, New York
        May 4, 2009

Andrew J. Peck
United States Magistrate Judge

Copies to:  Bernard Weinreb, Esq.
            Jesse D. Capell, Esq.
            Judge Laura Taylor Swain

H:\OPIN\FRENKEL